**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 30 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LETICIA GREGORIA CASTRO-PEREZ,<br><br>Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent, | No. 22-949<br><br>Agency No.<br>A202-059-321<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 3, 2024
San Francisco, California

Before: M. SMITH, HURWITZ, and JOHNSTONE, Circuit Judges.

Leticia Gregoria Castro-Perez, a native and citizen of Guatemala, petitions

for review of a decision of the Board of Immigration Appeals ("BIA") dismissing

her appeal from an order of an immigration judge ("IJ") denying her applications

for asylum, withholding of removal, and protection under the Convention Against

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Torture ("CAT"). Because the parties are familiar with the facts of this case, we recite them only as necessary. We have jurisdiction under 8 U.S.C. § 1252, and we grant the petition and remand for further proceedings.

1. The IJ found that Castro-Perez established past persecution on account of her membership in a particular social group but denied her applications for asylum and withholding of removal because Castro-Perez failed to demonstrate the government of Guatemala "was unable or unwilling to control" her persecutor. *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1062 (9th Cir. 2017) (en banc). The IJ explained that Guatemalan authorities helped Castro-Perez obtain a restraining order against her abuser and informed her about laws protecting women. Although Castro-Perez testified that her abuser continued to pursue, contact, and threaten her in violation of the order, she testified before the IJ that she did not report these violations to the police in Guatemala City before fleeing to San Marcos. The IJ found that Castro-Perez never "contacted police or other government officials to notify them," which precluded Guatemalan officials from responding to those violations. Based on that purported failure to report, the IJ concluded that Castro-Perez did not meet her burden under the "unable or unwilling" standard. On appeal, the BIA adopted and affirmed the IJ's decision, repeating that Castro-Perez "did not subsequently report [her abuser's] violations of the order."

"[O]ur law is clear that the agency, and we, upon review, must examine all

2

the evidence in the record that bears on the question of whether the government is unable or unwilling to control a private persecutor." *Id.* at 1069. The record contains specific testimony that Castro-Perez reported violations of the restraining order to government officials in Guatemala. Castro-Perez stated multiple times in her initial interviews with an asylum officer, and in her original asylum application, that she had reported violations of the restraining order to the Guatemalan police in San Marcos. This evidence is "highly probative" of whether the Guatemalan government was unwilling to control Castro-Perez's persecutor and contradicts the conclusions of the agency. *Flores Molina v. Garland*, 37 F.4th 626, 638–39 (9th Cir. 2022). The BIA failed to mention this evidence and misstated the record, indicating that it did "not consider all the evidence before it." *Id.* at 632. Therefore, "its 'decision cannot stand.'" *Id.* at 638 (quoting *Cole v. Holder*, 659 F.3d 762, 772 (9th Cir. 2011)).

2. For the same reason, the agency erred in denying CAT protection. Government acquiescence is present where officials "have awareness of the activity" and "breach their legal responsibility to intervene . . . because they are unable or unwilling to oppose it." *Garcia-Milian v. Holder*, 755 F.3d 1026, 1034 (9th Cir. 2014). Evidence that Castro-Perez reported violations of the restraining order is probative to this inquiry, but—as in the asylum and withholding context— the agency failed to discuss it. This omission warrants remand. *See Diaz-Reynoso*

3

*v. Barr*, 968 F.3d 1070, 1089–90 (9th Cir. 2020); *see also* 8 C.F.R. § 1208.16(c)(3).

3.  We do not reach the arguments raised by Castro-Perez contending that certain findings or conclusions are compelled by the record. On remand, the agency must consider all the evidence pertinent to Castro-Perez's applications for asylum, withholding of removal, and protection under the CAT, including the evidence discussed above.

**PETITION GRANTED AND REMANDED.**[1]

---

[1] The motion for leave to file an amicus curiae brief submitted by the Center for Gender and Refugee Studies, **Dkt. 29,** is **GRANTED.**